OHIO CIVIL RIGHTS COMMISSION, APPELLANT, *v.* PARKLAWN MANOR, INC., APPELLEE.

(No. 74-101—Decided February 5, 1975.)

48

*Mr. William J. Brown,* attorney general, *Mr. Andrew J. Ruzicho* and *Mr. Earl M. Manz,* for appellant.

*Messrs. Chamblin, Snyder & Casey* and *Mr. Larry H. Snyder,* for appellee.

STERN, J. The issue presented in this case is whether R. C. 4112.04(B)(3)(a) accords to a private corporation the right to decline to answer interrogatories of the Ohio Civil Rights Commission on grounds of self-incrimination.

The Ohio Civil Rights Commission was established with the purpose of eliminating the social injustice of discrimination in Ohio. It has authority to investigate charges of unlawful discrimination, to issue cease and desist orders, and to institute civil actions to enforce its orders. Among the matters subject to investigation by the commission, under R. C. 4112.02(H), are various forms of discrimination in the sale or lease of property. Violations of R. C. 4112.02(H) are criminal violations subject to fine under R. C. 4112.99.

The commission is given extensive powers to carry out its investigatory function, including, under R. C. 4112.04 (B)(3), the power to issue interrogatories to a respondent in the same manner as in civil cases. R. C. 4112.04(B)(3) (a) also provides that "no person shall be compelled to be a witness against himself."[1] The apparent intent of this

---

[1]This language also appears in R. C. 4112.05(F) (hearing before the commission or a hearing examiner of the commission), and R. C. 4112.051 (civil action in Common Pleas Court).

language is to reaffirm the privilege against self-incrimination contained in the Fifth Amendment to the United States Constitution and Section 10 of Article I of the Ohio Constitution. Because investigations by the commission of cases of alleged discrimination in housing can produce information usable in a criminal proceeding, the privilege against self-incrimination would be available to individuals in such cases regardless of the statutory language.

The question presented in the instant case is whether the privilege is also available to corporations.

It is well-established that the Fifth Amendment privilege against self-incrimination does not apply to corporations, but only to natural persons. *Campbell Painting Corp. v. Reid* (1968), 392 U. S. 286; *Hale v. Henkel* (1906), 201 U. S. 43. There is no constitutional requirement that the General Assembly extend the privilege against self-incrimination to a corporation. However, the General Assembly has provided a statutory definition of the word "person" in R. C. Chapter 4112. R. C. 4112.01 provides:

"As used in Sections 4112.01 to 4112.11 of the Revised Code:

"(A) 'Person' includes one or more individuals, partnerships, associations, organizations, *corporations*, legal representatives, trustees, trustees in bankruptcy, receivers, and other organized groups of persons. It also includes, but is not limited to, any owner, lessor, assignor, builder, manager, broker, salesman, agent, employee, lending institution; and the state, and all political subdivisions, authorities, agencies, boards, and commissions thereof." (Emphasis added.)

That definition, on its face, applies to grant a privilege against self-incrimination to a corporation, as a "person" within the statutory definition. The commission argues, however, that the word "person," as used in R. C. Chapter 4112, should not always be taken to apply to non-natural persons. Its argument essentially is that the General Assembly frequently used the word "person" in Chap-

ter 4112 in contexts which could only apply to natural persons.[2]

Therefore, the commission argues, the definition provided by R. C. 4112.01(A) does not necessarily apply to all uses of the word "person." Rather, the commission contends that granting a privilege against self-incrimination to corporations would severely hamper investigations by the commission and would therefore interfere with the statutory purpose.

That argument is not persuasive. The rule is well established that the General Assembly's own construction of its language, as provided by definitions, controls in the application of a statute. *Woman's Bowling Congress* v. *Porterfield* (1971), 25 Ohio St. 2d 271, 267 N. E. 2d 781; *Terteling Bros.* v. *Glander* (1949), 151 Ohio St. 236, 85 N. E. 2d 379. This definition will be given great weight against any claim that application of the statutory definition defeats the general purpose of the statute.

The claim that extending the privilege against self-incrimination to corporations would defeat the purposes of R. C. Chapter 4112, or lead to absurd results, clearly fails to meet this burden. The ability to compel testimony in cases of possible self-incrimination is doubtless useful, but it is only one form of investigation and not an essential one. Investigations of individuals are routinely limited by the privilege against self-incrimination, yet this is not "absurd," nor does it thwart the purposes of our legal

---

[2]For example, in R. C. 4112.01(L):

" 'Burial lot' means any lot for the burial of deceased *persons* * * *."
Further, in R. C. 4112.02:

"It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the race, color, religion, sex, national origin, or ancestry of any *person*, to refuse to hire or otherwise discriminate against that *person* * * *." (Emphasis added.)

The commission cites, in all, 23 uses of the word "person" in R. C. Chapter 4112 which it claims can mean only natural persons. Other uses of the word "person" do require the broad meaning of the word in order to carry out the statutory purpose. For example, R. C. 4112.05(A) provides: "The Ohio Civil Rights Commission shall * * * prevent any *person* from engaging in unlawful discriminatory practices. * * *" (Emphasis added.)

system. Cf. *Fifth Third Union Trust Co.* v. *Peck* (1954), 161 Ohio St. 169, 118 N. E. 2d 398. We see no reason why application of the privilege to non-natural persons would unduly impair investigations by the commission, or thwart the legislative purpose.

It is true that extending the privilege against self-incrimination to non-natural persons is not constitutionally mandated. Further, it is not clear that any useful purpose is served by extending the privilege to a corporation, which in any case cannot suffer imprisonment. However, that is a matter for the General Assembly and not for the courts.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

