THE STATE OF OHIO, APPELLANT, *v.* S.R., APPELLEE.

[Cite as *State v. S.R.* (1992), 63 Ohio St.3d 590.]

(No. 91–66—Submitted January 8, 1992—Decided May 6, 1992.)

*Anthony G. Pizza,* Prosecuting Attorney, *Lynn Balshone-Jacobs* and *Mark E. Lupe; Marilyn Loch Parker* and *Linda S. Markowiak,* for appellant.

*John J. Callahan* and *Susan M. Cairl,* for appellee.

*Lee I. Fisher,* Attorney General, and *Alan P. Schwepe,* for *amicus curiae* Ohio Department of Human Services.

---

BROGAN, J. The issue presented for our review is whether the sealing provisions of R.C. 2953.52 extend to the investigatory files kept by the county department of human services or children services board pursuant to R.C. 2151.421.

The provisions of R.C. 2953.52 pertinent to this issue are:

"(A)(1) Any person, who is found not guilty of an offense by a jury or a court * * * may apply to the court for an order to seal his official records in the case. * * *

" * * *

"(B)(1) Upon the filing of an application * * *, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.

"(2) The court shall do each of the following:

"(a) Determine whether the person was found not guilty in the case * * *;

"(b) Determine whether criminal proceedings are pending against the person;

"(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

"(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government, to maintain those records.

"(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreman or deputy foreman of the grand jury; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to

the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred."

"Official records" means the following:

" 'Official records' means all records that are possessed by any public office or agency that relate to a criminal case, including, but not limited to: the notation to the case in the criminal docket; all subpoenas issued in the case; all papers and documents filed by the defendant or the prosecutor in the case; all records of all testimony and evidence presented in all proceedings in the case; all court files, papers, documents, folders, entries, affidavits, or writs that pertain to the case; all computer, microfilm, microfiche, or microdot records, indices, or references to the case; all index references to the case; all fingerprints and photographs; all records and investigative reports pertaining to the case that are possessed by any law enforcement officer or agency, except that any records or reports that are the specific investigatory work product of a law enforcement officer or agency are not and shall not be considered to be official records when they are in the possession of that officer or agency; and all investigative records and reports other than those possessed by a law enforcement officer or agency pertaining to the case." R.C. 2953.51(D).

An order to seal official records applies to every public office or agency that has a record of the case that is the subject of the order, regardless of whether it receives notice of the hearing on the application for the order to seal the official records or receives a copy of the order. R.C. 2953.53(C).

A law enforcement agency which possesses records or reports pertaining to the case that are its specific investigatory work product and that are excepted from the definition of "official records" contained in division (D) of R.C. 2953.51 may permit another law enforcement agency to use the records or reports in the investigation of another offense, if the facts incident to the offense being investigated by the other law enforcement agency and the facts in the subject case are reasonably similar. The agency that provides the records and reports may provide the other agency with the name of the person who is the subject of the case, if it believes that the name of the person is necessary to the conduct of the investigation by the other agency. R.C. 2953.54(A)(3).

The state of Ohio has set forth a number of arguments in support of its position herein:

1. The state contends that the juvenile court did not have jurisdiction to issue the sealing order to CSB because it did not participate in the criminal proceedings nor was it made a party to them in the trial court.

2. The state asserts CSB does not possess official records of the defendant's case because CSB's records are not indexed or compiled in the name of the alleged abuser, but are filed under the victim's name.

3. The state also argues that it would be inappropriate to have the sealing order apply to CSB investigatory records because it has a statutory duty under R.C. 2151.421 to investigate child abuse or neglect wholly independent of that of the prosecuting attorney in investigating and pursuing criminal charges against child abusers.

4. The state further asserts that CSB will not be able to perform its statutory duty to protect abused and neglected children if it must comply with an order made pursuant to R.C. 2953.52. The state argues that a critically important consideration is the possibility that "substantiated" child abuse charges frequently result from a CSB investigation even when no culpability is found under criminal statutes.

5. The state also argues that the legislature could not have intended to apply the sealing provisions of R.C. 2953.52 to CSB investigatory records because there already exist stringent confidentiality provisions for child abuse investigation records pursuant to R.C. 5153.17, 2151.421(H)(1), and Ohio Adm.Code 5101:2–34–38. In other words, the state argues that since these records are not "public" records pursuant to R.C. 149.43, an accused's privacy interests are adequately protected without resort to the provisions of R.C. 2953.52.

6. Lastly, the state contends that the sealing provisions of R.C. 2953.52 will prevent CSB from sharing vital abuse information with other protective agencies in other counties in the state of Ohio and inhibit the effective use of Ohio's Central Registry.[1]

We are not persuaded that the trial court did not have jurisdiction to issue a sealing order to CSB although it was not a party to the proceedings in the criminal case. The prosecuting attorney was served with a copy of the defendant's motion, and as legal advisor for CSB he could be expected to protect the interests of CSB in filing an appropriate objection.

In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *Featzka v. Millcraft Paper Co.* (1980), 62 Ohio St.2d 245, 247, 16 O.O.3d 280, 282, 405 N.E.2d 264, 266. In determining legislative

---

1. County welfare departments with children services and children services boards are required to report each referral and each disposition of child abuse to the Central Registry on child abuse at the Ohio Department of Public Welfare. See Ohio Adm.Code Chapter 5101:2–35.

intent, the court first looks to the language in the statute and the purpose to be accomplished. *Henry v. Central Natl. Bank* (1968), 16 Ohio St.2d 16, 45 O.O.2d 262, 242 N.E.2d 342, paragraph one of the syllabus. In interpreting a statute, the words must be taken in their usual, normal or customary meaning. See *State v. Cravens* (1988), 42 Ohio App.3d 69, 72, 536 N.E.2d 686, 689; R.C. 1.42. The General Assembly's construction of a statute as provided by a definitional section controls the application of the statute. *Montgomery Cty. Bd. of Commrs. v. Pub. Util. Comm.* (1986), 28 Ohio St.3d 171, 175, 28 OBR 262, 266, 503 N.E.2d 167, 170, citing *Ohio Civil Rights Comm. v. Parklawn Manor* (1975), 41 Ohio St.2d 47, 50, 70 O.O.2d 148, 149–150, 322 N.E.2d 642, 644. In construing a statute, it is the duty of the court to give effect to the words used in a statute, not to insert words not used. *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus.

R.C. 2953.51 *et seq.* was enacted to protect the privacy of those found not guilty of a criminal offense. *State v. Grove* (1986), 29 Ohio App.3d 318, 320, 29 OBR 418, 420, 505 N.E.2d 297, 299. The plain language of the definitional section, R.C. 2953.51(D), states that official records are "*all* records that are possessed by *any* public office or agency that *relate* to the criminal case * * * ." (Emphasis added.) When used as an adjective, as it is in the statute, "all" is commonly defined as "the whole amount or quantity" or "every member or individual component of." Webster's Third New International Dictionary (1986) 54. The term "related" means more than "directly connected to" or "part of." *State v. Gaddy* (C.P.1962), 89 Ohio Law Abs. 513, 519, 184 N.E.2d 689, 693. Rather, the use of "related" or "pertain," or a variation thereof, describes "things which in common experience are closely associated with other specific things or situations." *Gaddy, supra,* at 522, 184 N.E.2d at 694–695. Thus, that portion of R.C. 2953.51 defining "official records" must be read to include each and every record possessed by every public office or agency that is connected to or has a nexus with the criminal case.

The last clause of R.C. 2953.51(D) classifies all investigatory records and reports other than those of a law enforcement agency as "official" records. CSB's records "relate" to the accused's case despite the fact they are compiled under the victim's name.

If the legislature meant only to provide for the sealing of "public records," it need only have said so in R.C. 2953.52.

In defining "official records," the legislature did not distinguish between "public records" and "confidential" records. While CSB investigatory records are confidential pursuant to R.C. 2151.421(H)(1), it appears the legislature never intended to mandate absolute confidentiality or a total bar on disclosure in some circumstances. R.C. 5153.17 provides that reports of "investigations

of families, children, and foster homes * * * shall be open to inspection by the board * * * and by other persons, upon the written permission of the executive secretary." See, also, *Davis v. Trumbull Cty. Children Serv. Bd.* (1985), 24 Ohio App.3d 180, 24 OBR 270, 493 N.E.2d 1011.

We therefore hold that records of a county children services board investigation made pursuant to R.C. 5153.17 and 2151.141 are "official records" within the ambit of the sealing provisions of R.C. 2953.52. Further, the trial court should weigh the privacy interests of the person seeking to seal the official records pertaining to his case which are found in the investigatory files of the children services board against the legitimate needs of that agency in maintaining those records.

There may be many reasons why it would not be in the public interest to seal CSB's records which relate to a criminal prosecution. For example, a defendant who has admitted his responsibility for abusing a child may have been acquitted of the criminal charges only because the government failed to comply with the requirements of the *Miranda* decision as a condition of using the accused's statement. See *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In other instances the evidence may be substantial that an accused has abused a child, but may be insufficient to sustain a criminal conviction.

Conversely, there may be strong reasons to permit the sealing of records kept by CSB which implicate the accused in criminal conduct. For example, the alleged victim may have admitted to having contrived the accusation against the accused, and it would be unjust to permit the allegation to remain of record.

The trial court has considerable discretion pursuant to R.C. 2953.52 in determining whether the legitimate needs of a children services board in keeping its records unsealed outweigh the privacy interests of the accused in a given case. In this case the Lucas County Prosecuting Attorney should have inquired whether S.R. sought to obtain a sealing order for CSB's records and then lodged a timely objection to their release. Having failed to do so in a timely manner, it was too late to relitigate that issue at the show cause hearing.

If we have misconstrued the plain language of R.C. 2953.52 as it impacts upon CSB's records, the General Assembly need only exempt children services boards and similar agencies from its application.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

JAMES A. BROGAN, J., of the Second Appellate District, sitting for RESNICK, J.