OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Morgan, Appellant, v. Ohio Adult Parole Authority et al.
Appellees.
[Cite as Morgan v. Ohio Adult Parole Auth. (1994),        Ohio
St.3d      .]
Criminal procedure -- Penalties and sentencing -- Multiple
     sentences -- R.C. 2929.41, applied.
     (No. 93-875 -- Submitted December 7, 1993 -- Decided
February 23, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-959.
     On February 27, 1987, the Summit County Court of Common
Pleas sentenced Daniel Morgan, Jr., appellant, to an
indeterminate term of one and one-half to five years,
imprisonment for aggravated assault and three years of actual
incarceration for a firearm specification thereto.  The court
ordered that the "sentence of actual incarceration be served
CONSECUTIVELY and not concurrently with the indeterminate
sentence" and that the sentence be served concurrently with any
sentence imposed in Cuyahoga County.  On May 11, 1987, the
Cuyahoga County Court of Common Pleas sentenced appellant to
two concurrent eighteen-month determinate terms for carrying a
concealed weapon and unlawful possession of dangerous
ordnance.  The court noted that its sentence would be
concurrent with the Summit County sentence.  Appellant's inmate
file indicated that his maximum possible sentence would expire
on February 26, 1995, i.e., eight years after the imposition of
the Summit County sentence.  On April 7 and June 26, 1992,
appellant's attorney sent letters to appellee, the Ohio Adult
Parole Authority ("APA"), stating that appellant had already
served his maximum aggregate sentence of five years and was
entitled to release from confinement.  The APA refused to
release appellant from prison.
     On July 20, 1992, appellant, an inmate at the Southern
Ohio Correctional Facility, filed a complaint for a writ of
mandamus and/or habeas corpus in the Franklin County Court of
Appeals, naming the APA and the prison superintendent as
respondents.  Appellant alleged that appellees had illegally
extended his period of imprisonment and that he had already

served his maximum sentence.  Appellees subsequently filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, which was converted into a motion for summary judgment.  Appellant filed a motion for summary judgment.  On March 5, 1993, the court of appeals overruled appellant's motion for summary judgment, granted appellees' motion for summary judgment, and denied appellant's request for a writ of mandamus and/or habeas corpus.

The cause is before this court upon an appeal as of right.

Mancino, Mancino & Mancino and Paul Mancino, Jr., for appellant.

Lee Fisher, Attorney General, and Donald A. Cataldi, Assistant Attorney General, for appellees.

Per Curiam.  Appellant contends that based upon a construction of the applicable sentencing statutes, he is entitled to be released from prison because he has already served his maximum possible sentence.  The pertinent statutes follow.

Former R.C. 2929.71(A)(2) provided:

"* * * The three-year term of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment. "  (140 Ohio Laws, Part I, 601.)

Former R.C 2929.41 provided:

"(B)  A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

"* * *

"(4)  When a three-year term of actual incarceration is imposed pursuant to section 2929.71 of the Revised Code.

"* * *

"(C)  Subject to the maximums provided in division (E) of this section:

"* * *

"(2)  When consecutive sentences of imprisonment are imposed for felony under division (B)(2) or (3) of this section, the minimum term to be served is the aggregate of the consecutive minimum terms imposed reduced by the time already served on any such minimum term, and the maximum term imposed is the aggregate of the consecutive maximum terms imposed.

"(3)  When consecutive sentences of imprisonment are imposed under division (B)(4) of this section, all of the three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code shall be served first, and then the indefinite terms of imprisonment shall be served, with the aggregate minimum and maximum terms being determined in the same manner as aggregate minimum and maximum terms are determined pursuant to division (C)(2) of this section."  (140 Ohio Laws, Part I, 599.)

Initially, we note that habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully.  Hoff v. Wilson (1986), 27 Ohio St.3d 22, 27 OBR 440, 500 N.E.2d 1366; see Frazier v. Stickrath (1988), 42 Ohio App.3d 114, 536 N.E.2d 1193.  Appellant's contention involves statutory construction of the aforementioned

statutes. In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. State v. S.R. (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1323. In determining legislative intent, the court first looks to the language in the statute and the legislature's purpose. Id. at 594-595, 589 N.E.2d at 1323. Words used in a statute must be taken in their usual, normal or customary meaning. See R.C. 1.42; S.R. at 595, 589 N.E.2d at 1323, citing State v. Cravens (1988), 42 Ohio App.3d 69, 72, 536 N.E.2d 686, 689.

By enacting R.C. 2929.71, the General Assembly sought to deter and punish both the use and possession of firearms by those who commit crimes. The public policy behind this enactment is apparent: a criminal with a gun is both more dangerous and harder to apprehend than one without a gun. State v. Powell (1991), 59 Ohio St.3d 62, 63, 571 N.E.2d 125, 127. R.C. 2929.41(C)(3) manifestly provides that the three-year term of actual incarceration imposed by R.C. 2929.71 "shall be served first," i.e., prior to any indefinite sentence. As noted by the court below, appellant's indefinite sentence of one and one-half to five years was tolled until his three-year sentence for the firearm specification was completed. Thus, since appellant's three-year term for his firearm-specification conviction did not expire until 1990, his indefinite sentence of one and one-half to five years did not begin until 1990. As appellees aptly note, appellant cites no authority that has adopted his novel construction of R.C. 2929.41, which would merge his three-year term with the one-and-one-half-year minimum term and have them served concurrently rather than consecutively with a resultant sentence of four-and-one-half to five years.

Appellant instead relies on R.C. 2901.04(A), which provides that the criminal statutes shall be "strictly construed against the state, and liberally construed in favor of the accused." Nevertheless, courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of either statutory interpretation or liberal construction; in such situation, the courts must give effect to the words utilized. See, e.g., State v. Krutz (1986), 28 Ohio St.3d 36, 38, 28 OBR 96, 97, 502 N.E.2d 210, 211; State v. Bayless (1976), 48 Ohio St.2d 73, 96, 2 O.O.3d 249, 261, 357 N.E.2d 1035, 1050, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155. Appellant's asserted interpretation of R.C. 2929.41(C)(2) and (3) would ignore the plain and unambiguous language of subsection (C)(3), which states that the three-year R.C. 2929.71 term will be served prior to any indefinite sentence or aggregate thereof. Therefore, the court of appeals properly concluded that appellant had failed to establish entitlement to either habeas corpus or mandamus relief.

Accordingly, for the foregoing reasons, the judgment of the court of appeals is affirmed.

                                        Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.