DECISION AND JUDGMENT ENTRY
Appellant Amy M. Price appeals the denial of her motion for modification of parental rights and responsibilities by the Highland County Court of Common Pleas. She assigns the following error:
 THE COURT ERRED BY FAILING TO FIND THAT A CHANGE IN CIRCUMSTANCES HAD OCCURRED SINCE THE PRIOR ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES WHICH WOULD WARRANT A REVIEW BY THE COURT OF THE PLACEMENT OF THE CHILD UNDER THE BEST INTEREST OF THE CHILD TEST.
Appellant and appellee were married in July 1995. One child, Whitlee Noel Price, was born to the couple on December 14, 1995. The parties separated in July 1996 and Whitlee resided with appellant until the trial court issued the final divorce decree on April 30, 1998. In its final decree, the trial court granted custody of Whitlee to appellee and granted appellant visitation rights.
In August 1998, appellant filed a motion for modification of parental rights and responsibilities. Following a hearing in February 1999, the magistrate recommended denial of appellant's motion based upon the finding that there had been no change in circumstances that would warrant a modification. Appellant filed a timely objection to the magistrate's decision. The trial court issued findings and overruled appellant's objections. The trial court found that appellant failed to demonstrate the requisite change in circumstances and denied appellant's motion. A timely appeal was filed.
Appellant argues that the trial court erred in finding that the transfer of custody from appellant to appellee based on the court's April 30, 1998 order was not a change in circumstances. Appellant submits that she was Whitlee's primary caretaker until that date and Whitlee's entire routine changed after the court order. Appellant contends that "[o]ne can conceive of no greater change in the circumstances in a child's life then [sic] switching primary households and caretakers."
Modification of child custody decrees is governed by P.C. 3109.04(E)(1)(a)[1] which states:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
When considering a motion to modify parental rights and responsibilities under R.C. 3109.04(E)(1)(a), a trial court may not modify a prior decree unless the court finds, as a threshold matter, that a change in circumstances has occurred. See Hanley v. Hanley (May 22, 1998), Pickaway App. No. 97CA35, unreported. Once a change in circumstances has been established, the court may then proceed to determine whether the proposed modification is in the best interest of the child. In re Russell (Aug. 4, 1999), Vinton App. No. 98CA525, unreported.
Appellant argues that the trial court erred in not finding that the "change in custody" resulting from the court's original determination of parental rights was sufficient to constitute a change in circumstances under R.C.3109.04(E)(1)(a). We reject this contention as a matter of law.
In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. State v.S.R. (1992), 63 Ohio St.3d 590, 594. Under Ohio law, it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. Inre Hayes (1997), 79 Ohio St.3d 46, 48, citing S.R., supra, at 594-595. In interpreting a statute, words and phrases shall be read in context and construed according to the rules of grammar and common usage. Independent Ins. Agents of Ohio,Inc. v. Fabe (1992), 63 Ohio St.3d 310, 314; R.C. 1.42. Courts do not have authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words used. Wray v. Wymer (1991), 77 Ohio App.3d 122, 130. In other words, courts may not delete words used or insert words not used. Cline v. Ohio Bur. of Motor Vehicles (1991),61 Ohio St.3d 93, 97.
R.C. 3109.04(E)(1)(a) states that "[t]he court shall not modify a prior decree * * * unless it finds, based on factsthat have arisen since the prior decree or that were unknown to the court at the time of the prior decree, * * * that a change has occurred." (Emphasis added.) A plain reading of this statute indicates that only changes occurring after the decree are relevant and those occurring prior to or at the time of the decree are not included, unless the changes were unknown to the court. Here, the change in custody occurred at the time the decree was issued even if Whitlee did not begin to reside with appellee immediately. Appellant is asking this Court to rule that the statute includes not only changes occurring after the decree but changes resulting from the decree. We cannot make such a finding without ignoring the unambiguous statutory language.
"The purpose of requiring a change in circumstances is to prevent a constant relitigation of the issues raised and considered when the trial court issued its prior custody order." Perz v. Perz (1993), 85 Ohio App.3d 374, 376. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment. Wyss v. Wyss (1982), 3 Ohio App.3d 412,416. If we agreed with appellant's position, a parent who has lost custody of his or her child could automatically require the trial court to reconsider custody even absent other changes in circumstance. This was clearly not the legislature's intent.
Appellant argues that the trial court's finding precludes the court from reviewing the impact of its own decision. This is not the case. Rather, if a child suffers emotional, psychological or physical consequences resulting from the change in the residential relationship, those changes may be sufficient to qualify as changes in circumstances warranting modification. However, we cannot find that the change of living relationships arising out of the original decree constitutes such a change in and of itself.
Appellant also argues in the more conventional sense that Whitlee suffered emotional, psychological and physical harm arising out of appellee's custody. However, the trial court found that such harm either did not occur, was not significant or was normal for a child of Whitlee's age and custodial circumstances. To warrant modification of parental rights and responsibilities under R.C. 3109.04(E)(1)(a), "the change must be a change of substance, not a slight or inconsequential change." Davis v. Flickinger (1997), 77 Ohio St.3d 415,418. The determination of whether a change in circumstances has occurred is properly left to the trial court and will only be reversed upon a showing of an abuse of discretion. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. FranklinCty. Sheriff's Dept. v. State Emp. Relations Bd. (1992),63 Ohio St.3d 498, 506; Wilmington Steel Products, Inc. v.Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 122. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,137-138. Above all, a reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge "* * * is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use their observations in weighing the credibility of the proffered testimony." Jane Doe 1, supra, citing Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80.
At the hearing and in her filings in the trial court, appellant cited several "changed circumstances" in addition to the change in custody. Appellant argued that she now believes that a shared parenting plan would be effective, whereas she previously felt that she and appellee could not work together under such an arrangement. Appellant and her mother testified that appellee severely punished Whitlee as evidenced by marks on the child and changes in her behavior, that Whitlee used to be able to count to ten and knew her colors but can no longer perform these tasks, and that Whitlee is now "selfish" when playing with other children, but did not act in this manner prior to the change in custody. Appellee and his mother contradicted these allegations. Appellee admitted that he and his girlfriend have spanked Whitlee when necessary, but stated that no marks ever resulted from such spankings. Appellant contacted the Sheriff's Department and Children's Services regarding appellee's actions, but charges were never filed and no investigation was commenced. When appellant took Whitlee to the doctor to have the marks looked at, the doctor diagnosed diaper rash. Appellee also testified that Whitlee knows her colors, can count to ten and socializes well with her half-sister and her cousins.
In its judgment entry, the trial court found that there was no shared parenting plan or decree so appellee's change in attitude regarding the feasibility of such a plan was irrelevant as only circumstances relating to the child and the residential parent must be considered pursuant to R.C.3109.04(E)(1)(a). The trial court also ruled that the child's changes in ability to "perform" and socialization skills are typical developmental characteristics in children of Whitlee's age and that the instances of corporal punishment were not significant such that a change in circumstances has occurred.
There is evidence in the record to support a finding that appellant and his girlfriend spanked Whitlee only when such discipline was necessary, that Whitlee knows her colors and can count to ten, and that Whitlee plays well with other children. Therefore, we cannot find that the trial court's determination that no change in circumstances occurred is an abuse of discretion. Appellant's sole assignment of error is overruled.
Having found no merit in appellant's assignment of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J. and EVANS, J.: Concur in Judgment and Opinion.
For the Court
 BY: _________________________ WILLIAM H. HARSHA, JUDGE
[1] In their briefs, appellant and appellee refer to R.C. 3109.04(E)(1)(2) We note, however, that no such section exists and that the trial court relied upon R.C. 3109.04(E)(1)(a) when it considered appellant's motion. R.C. 3109.04(E)(2) governs a request for modification of a shared parenting decree. As there is no shared parenting decree in this case and R.C. 3109.04(E)(1)(a) is applicable, we assume that the parties' references to R.C. 3109.04(E)(1)(2) are typographical errors.