I respectfully dissent.
Our task is to construe the meaning of R.C. 3937.32 in the context of the somewhat unique facts of this case. Renee Laws had insurance with State Farm Mutual Automobile Insurance Company, which is famous for its claim that "Like a good neighbor, State Farm is there." Renee had to close her checking account after her purse was stolen. She then opened a new checking account, but apparently State Farm had its premium automatically withdrawn from the old checking account. When the automatic withdrawal could not occur, State Farm almost immediately sent a notice of cancellation. Renee paid her premium on June 5, 1998 — less than two weeks after she received notice of State Farm's intention to cancel her coverage. Unfortunately, she had a wreck on June 4, 1998.
State Farm accepted Renee Laws' payment of premium on June 5, 1998. However, when the parties injured in the collision sued Ms. Laws, State Farm claimed that "there was a lapse of coverage beginning June 3, 1998 until June 5, 1998." State Farm did not intend to be a "good neighbor" or to be "there" under the circumstances.
R.C. 3937.32 reads in pertinent part:
 No cancellation of an automobile insurance policy is effective, unless it is pursuant to written notice to the insured of cancellation. Such notice shall contain:
(A) The policy number;
(B) The date of the notice;
 (C) The effective date of cancellation of the policy, which shall not be earlier than thirty days following the date of the notice;
 (D) An explanation of the reason for cancellation and the information upon which it is based, or a statement that such explanation will be furnished to the insured in writing within five days after receipt of his written request therefor to the insurer;
 (E) Where cancellation is for nonpayment of premium at least ten days notice from the date of mailing of cancellation accompanied by the reason therefore shall be given[.]
R.C. 3937.32(C) does not provide or allow for any exception. No cancellation shall take place earlier than thirty days following the date of notice renewal.
R.C. 3937.32(E) is superfluous under the circumstances. If R.C.3937.32(C) is taken at its literal word, thirty days notice must be provided and thirty days is more than ten days of notice. R.C. 3937.32(D) requires an explanation of the reason for cancellation, so the requirement of R.C. 3937.32(E) of a notice of "the reason therefore" is already a statutory requirement.
In interpreting a statute, the words must be taken in their usual, normal or customary meaning. The duty of the courts is to give effect to the words used in the statute. See State v. S.R. (1992),63 Ohio St.3d 590, 595.
The clear wording of R.C. 3937.32(C) is reinforced by the equally clear wording of R.C. 3937.33, which states:
 An insurer may cancel an automobile insurance policy at such time prior to its expiration for such reasons as may be permitted by section 3937.31 of the Revised Code, by mailing to the insured, at his last known address appearing on the insurer's records, at least thirty days prior to the effective date of cancellation, a notice of cancellation pursuant to section 3937.32 of the Revised Code. * * *
The clear wording of both statutes is reinforced by R.C. 3937.35, which allows for review of a cancellation by the superintendent of the Ohio Department of Insurance. The superintendent is allowed ten days to conduct a hearing on the cancellation. R.C. 3937.35 concludes:
 If, upon hearing, the superintendent finds that such cancellation is in accordance with law and the terms of the policy, he shall, within five days following hearing, issue his written order approving such cancellation in such case. If such order is issued less than ten days prior to the effective date of cancellation of the policy, the policy shall continue in force for ten days following the date of the order or until the insured secures other coverage, whichever occurs first, and the order of the superintendent shall so state.
 If, upon hearing, the superintendent finds that such cancellation is contrary to law or the terms of the policy, he shall issue his written order disapproving the cancellation and stating in what particulars the same is improper. In such case, the policy continues in force as provided in section 3937.33 of the Revised Code if the insured tenders to the insurer at the time of hearing the premium refund made by the insurer.
R.C. 3937.32, 3937.33 and 3937.35 were all part of the same bill which was enacted effective January 1, 1970. If the legislature had intended to allow a shortened time for cancellation of an insurance policy for non-payment of premiums, it could have included exceptions in the clear wording of R.C. 3937.32(C), 3937.33 and 3937.35. The legislature included no such exceptions.
The laws of Ohio regarding motor vehicle insurance should be construed to encourage the protection of persons who are injured in automobile collisions. The Supreme Court of Ohio in recent years has repeatedly construed Ohio law in favor of the existence of such coverage. I believe that the majority of this panel is wrong to construe R.C. 3937.32 in such a way as to reduce coverage and increase the number of uninsured motorists, both in opposition to the clear words of the statutes and the recent interpretation of such statutes by the Ohio Supreme Court.
Again, I respectfully dissent.