## JIM MORGAN ELECTRIC COMPANY,

### v.

### SMITH et al.

Court of Common Pleas of Ohio,
Franklin County.

No. 95CVH-09-6081.

Decided Sept. 19, 1996.

46

*Robert E. Giffin* and *Robert G. Kennedy*, for plaintiff.

*Kevin J. Reis*, for defendants Steven and Linda Smith.

*David W. Babner*, for defendant The Support Center, Inc.

*Robert G. Palmer*, for defendant The Mehan Company.

*Brent A. Stubbins*, for defendant First National Bank of Zanesville.

*Phillip Walther*, for Franklin County Treasurer.

ALAN C. TRAVIS, Judge.

This cause comes before the court upon First National Bank's and Steven Smith's motions for summary judgment filed May 23, 1996, and May 31, 1996. Plaintiff responded to both motions June 13, 1996. Defendants each replied on June 21, 1996. The matter is now before the court pursuant to Loc.R. 21.01.

The criterion for granting summary judgment on plaintiff's mechanic's lien claim is found in Civ.R. 56(C), which provides:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The moving party always "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the

opponent's case." *Dresher v. Burt* (1996), 75 Ohio St.3d 280. 292, 662 N.E.2d 264, 273. In order to carry this burden, "the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 292–293, 662 N.E.2d at 273. Although the court is obligated to view the facts in a light most favorable to the nonmoving party, *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267, when a properly supported motion for summary judgment is made, the nonmoving party is not permitted to rest upon the mere allegations or denials contained in his or her pleadings, but must come forth with specific facts showing the existence of a genuine issue for trial. *Wing v. Anchor Media, Ltd.* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099, following *Celotex v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; and *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904. The nonmoving party need not try his case at this level, but he must produce more than a scintilla of evidence in support of his claims. Succinctly, viewing all facts in a light most favorable to the nonmoving party, the court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, 1126.

Defendants' motions bring before the court the issue of the validity of plaintiff's mechanic's lien. The following operative facts are not in dispute.

1. A written notice of commencement was recorded by on June 28, 1994.

2. Plaintiff recorded its only notice of furnishing on June 15, 1995.

3. Plaintiff recorded a mechanic's lien on June 15, 1995.

4. First National is a mortgagee on a construction mortgage recorded on June 22, 1994.

5. First National is also a mortgagee on a second mortgage recorded on March 22, 1995.

6. The date plaintiff last performed work on the project was April 28, 1995.

■ Ohio's mechanic's lien law, recently revised effective April 16, 1993, provides protection for property owners, lenders, and laborers. R.C. 1311.02

creates a statutory lien in favor of those who perform services in connection with improvements to land. R.C. 1311.02 provides:

"Every person who performs work or labor upon or furnishes material in furtherance of any improvement undertaken by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or his authorized agent, and every person who as a subcontractor, laborer, or material-man, performs any labor or work or furnishes any material to an original contractor or any subcontractor, in carrying forward, performing, or completing any improvement, has a lien to secure the payment therefor upon the improve-ment and all interests that the owner, part owner, or lessee may have or subsequently acquire in the land or leasehold to which the improvement was made or removed."

Defendants assert that summary judgment is appropriate because plaintiff failed to comply with the provisions of R.C. 1311.05 for recording what is now known as a notice of furnishing. Plaintiff opposes summary judgment, arguing that defendant Smith failed to comply with the requirements of R.C. 1311.04 for the recording of its notice of commencement. The issue presented for determina-tion therefore concerns the interpretation of Ohio's mechanic's lien law as codified in R.C. 1311.01 *et seq.*

R.C. 1311.04(A)(1) states:

"Prior to the performance of any labor or work or the furnishing of any materials for an improvement on real property which may give rise to a mechanics' lien under sections 1311.01 to 1311.22 of the Revised Code, the owner, part owner, or lessee who contracts for the labor, work, or materials shall record in the office of the county recorder for each county in which the real property to be improved is located a notice of commencement in substantially the form specified in division (B) of this section."

Assuming that a notice of commencement is recorded pursuant to R.C. 1311.04(A)(1), a subcontractor such as the plaintiff is required to file a notice of furnishing in accordance with R.C. 1311.05 within twenty-one days after perform-ing the first labor or work, or furnishing the first materials in connection with the improvement.[1] R.C. 1311.05(A) provides:

---

1. R.C. 1311.04(R) states:

 "If an owner, part owner, lessee, or designee fails to record a notice of commencement in accordance with this section, no subcontractor or materialman who performs labor or work upon or furnishes material in furtherance of that improvement has to serve a notice of furnishing in accordance with Section 1311.05 of the Revised Code in order to preserve his lien rights."

"Except as provided in section 1311.04 of the Revised Code and this section, a subcontractor or materialman who performs labor or work upon or furnishes material in furtherance of an improvement to real property and who wishes to preserve his lien rights shall serve a notice of furnishing, if any person has recorded a notice of commencement in accordance with section 1311.04 of the Revised Code, upon the owner's, part owner's, or lessee's designee named in the notice of commencement or amended notice and the original contractor under the original contract pursuant to which he is performing labor or work or furnishing materials, as named in the notice of commencement or amended notice and at the address listed in the notice or amended notice at any time after the recording of the notice of commencement or amended notice but within twenty-one days after performing the first labor or work or furnishing the first materials or within the extended time period provided for in division (I) or (J) of section 1311.04 of the Revised Code."

■ It is undisputed that plaintiff's notice of furnishing was recorded on June 15, 1995, approximately forty-eight days after it *last* performed work on the project April 28, 1995. As explained above, R.C. 1311.05(A) provides a maximum twenty-one day relation back period for plaintiff's notice of furnishing. In order to escape the obvious consequences of the foregoing, plaintiff argues that it was excused from the filing and service requirements set forth in R.C. 1311.05 because defendant Smith first failed to comply with the provisions of R.C. 1311.04 for filing a notice of commencement. R.C. 1311.04(B) states:

"(B) The notice of commencement required under division (A) of this section shall contain, in affidavit form, all of the following information:

" * * *

(7) The date the owner, part owner, or lessee first executed a contract with an original contractor for the improvement[.]"

It is undisputed that the notice of commencement recorded by Smith on June 28, 1994, does not set forth the date upon which a contract was entered into between defendant Smith and the general contractor on this project, defendant Mehan. Plaintiff believes that an owner's failure to strictly comply with the requirements of R.C. 1311.04 relieves a subcontractor of any duty to serve notice of furnishing in accordance with R.C. 1311.05. See R.C. 1311.04(R).

Requiring strict compliance on behalf of defendant Smith would certainly benefit the plaintiff in this circumstance. However, R.C. 1311.04(A)(1) requires only that the notice of commencement be "substantially" in the form specified in R.C. 1311.04(B). Again, R.C. 1311.04(A)(1) provides:

"Prior to the performance of any labor * * * the owner * * * shall record * * * a notice of commencement in *substantially the form specified in division (B) of this section.*" (Emphasis added.)

When construing a statute, the court must first look to the language contained within the statute. *Shover v. Cordis Corp.* (1991) 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461–462. Fundamentally, the language must be interpreted according to its usual or customary meaning. *State v. S.R.* (1992), 63 Ohio St.3d 590, 595, 589 N.E.2d 1319, 1323. This means that courts are not empowered under the guise of statutory construction to ignore the plain and unambiguous language of a statute. Rather, courts must give effect to the words as used. *Ohio Dental Hygienists Assn. v. Ohio State Dental Bd.* (1986), 21 Ohio St.3d 21, 23, 21 OBR 282, 284–285, 487 N.E.2d 301, 303. Giving effect to the words used by the legislature when drafting R.C. 1311.04, this court cannot conclude that the legislature intended to require strict compliance with the form of the notice of commencement as enumerated in R.C. 1311.04(B). Based upon the plain language of the statute substantial compliance will suffice. Substantial compliance is determined upon a review of the totality of the circumstances. *State v. Flint* (1986), 36 Ohio App.3d 4, 520 N.E.2d 580. In this case, the notice of commencement filed by Smith lacks merely the date the contract with the original contractor was executed. Based upon the totality of the circumstances the court finds that it substantially complies with the requirements of R.C. 1311.04(B)(1) through (12). As defendant Smith points out, plaintiff has not presented any evidence that the absence of the date of the contract in the notice of commencement caused plaintiff any inconvenience, prejudice, loss, or inability to serve its notice of furnishing in a timely manner. Accordingly, plaintiff's duty to comply with R.C. 1311.05 was not excused because the form of the defendant's notice of commencement failed to strictly comply with R.C. 1311.04.

 Plaintiff also argues that the duty to comply with R.C. 1311.05 was excused by way of Smith's failure to post a notice of commencement at the job site. Although R.C. 1311.04(G)(1) requires a notice of commencement to be posted at the job site, plaintiff offers no authority for the proposition that the failure to post the notice of commencement excuses all subcontractors of their responsibility to file a notice of furnishing. Examination of R.C. 1311.05 reveals that a subcontractor's duty in regard to the notice of furnishing is dependent upon an owner's *filing* a notice of commencement, not the posting of it. R.C. 1311.05(A) states:

"[A] subcontractor or materialman who performs labor or work upon or furnishes material in furtherance of an improvement to real property and who

wishes to preserve his lien rights shall serve a notice of furnishing, *if any person has recorded a notice of commencement* in accordance with section 1311.04 of the Revised Code * * * within twenty-one days after performing the first labor or work or furnishing the first materials or within the extended time period provided for in Division (I) or (J) of section 1311.04 of the Revised Code." (Emphasis added.) [2]

It is a basic principle of law that recorded notice is notice to the world. *Citizens Natl. Bank v. Denison* (1956), 165 Ohio St. 89, 94, 133 N.E.2d 329, 332. Defendant Smith's notice of commencement was filed on June 28, 1994. Accordingly, plaintiff was on constructive notice of its existence as of that date. However, plaintiff failed to file its notice of furnishing in order to preserve its lien rights until June 15, 1995. R.C. 1311.04 provides for a maximum relation back of twenty-one days. Therefore, plaintiff's notice of furnishing covers the period of May 15, 1995 forward. However, because the last work performed on this project by the plaintiff occurred on or about April 28, 1995, none of plaintiff's work is covered. Based upon the foregoing, the court finds no genuine issue of material fact exists for trial.

Therefore, for the foregoing reasons, defendants' motions are sustained.

Pursuant to Loc.R. 25.01, counsel for the defendants shall prepare and circulate an appropriate journal entry which reflects the result of this decision.

*Motions sustained.*

---

[2]. Subsections (I) and (J) deal with the failure to record the notice of commencement and failure to serve the notice upon written request. In regard to R.C. 1311.04(I), it is undisputed that notice was recorded on June 28, 1994. In regard to R.C. 1311.04(J), plaintiff does not allege that it made a written request upon defendant Smith for service of the notice of commencement or that that request was not honored. Accordingly, these sections are inapplicable.