**RN BUILDING MATERIALS, INC.**

v.

**C.R. HUFFER ROOFING & SHEETMETAL, INC. et al.**

Court of Common Pleas of Ohio,
Franklin County,
Civil Division.

No. 96CVE-01-342.

Decided Feb. 25, 1997.

*Richard L. Levine* and *Steven A. Baenen,* for plaintiff.

*Donald W. Gregory* and *Patrick M. O'Neill,* for defendants Young D. and Jang S. Ahn.

*John M. Snider,* for defendant C.R. Huffer Roofing & Sheetmetal, Inc.

ALAN C. TRAVIS, Judge.

This cause comes before the court upon cross-motions for summary judgment filed by plaintiff RN Building Materials, Inc. and defendants Young Ahn and Jang Ahn on November 26, 1996. Defendants responded on December 10, 1996, and plaintiff on December 13, 1996. Pursuant to agreement among the parties, having been fully briefed, the motions are now before the court for decision upon stipulated facts.

The measure by which summary judgment is granted is found in Civ.R. 56(C), which provides:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As recently reaffirmed by the Supreme Court of Ohio, in order to obtain summary judgment a moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264, 273. To do this, "the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 292–293, 662 N.E.2d at 273–274. Although a court is obligated to view all facts in a light most favorable to the nonmoving party, *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267, when a properly supported motion for summary judgment is made, the nonmoving party is not permitted to rest upon the mere allegations or denials contained in his or her pleadings, but must come forth with specific facts showing the existence of a genuine issue for trial. Civ.R. 56(E); *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099, following *Celotex v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; and *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904. Keeping in mind that the purpose of the Civ.R. 56 summary judgment is to isolate and dispose of factually unsupported claims or defenses, *Fuller v. German Motor Sales, Inc.* (1988), 51 Ohio App.3d 101, 554 N.E.2d 139, viewing the evidence as required, the court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is

so one-sided that one party must prevail as a matter of law. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, 1126.

On November 26, 1996, the following relevant facts were stipulated and filed with this court:

"1. Defendants Young D. and Jang S. Ahn, husband and wife (the 'Ahns'), are owners of real property commonly known as 6760 Refugee Road, Columbus, Franklin County, Ohio (the 'property'). * * *

"2. On March 24, 1995, the Ahns filed a document entitled 'notice of commencement' with respect to improvements ('improvements') to be constructed upon the property. * * *

"3. The notice of commencement was not indexed under the Ahn's name, but rather under the name 'FE–PO, Inc.' * * *

"4. RN Building Materials, Inc. ('RN') provided certain materials in furtherance of the improvements. * * *

" * * *

"6. RN did not request a copy of the Ahn[s'] notice of commencement.

"7. RN did not provide a notice of furnishing, as that term is defined by R.C. 1311.05.

"8. On August 15, 1995, RN timely filed an affidavit for mechanic's lien ('lien affidavit') in the office of the Franklin County Recorder. * * *

" * * *

"10. At the time the lien affidavit was filed, RN was unaware that the Ahns had filed their notice of commencement."

In addition, the parties stipulated the issue to be presented in the following terms:

"12. The sole issue for resolution by this court is whether RN's failure to serve a notice of furnishing renders the lien invalid or whether RN was not required to serve a notice of furnishing in view of the notice of commencement, as prepared and recorded by the Ahns."

R.C. 1311.02, part of Ohio's recently revised mechanic's lien law, creates a statutory lien in favor of those who perform services or provide materials in connection with improvements to land. That section provides:

"Every person who performs work or labor upon or furnishes material in furtherance of any improvement undertaken by virtue of a contract, express or implied, with the owner, part owner, or lessee of any interest in real estate, or his authorized agent, and every person who as a subcontractor, laborer, or material-

man, performs any labor or work or furnishes any material to an original contractor or any subcontractor, in carrying forward, performing, or completing any improvement, has a lien to secure the payment therefor upon the improvement and all interests that the owner, part owner, or lessee may have or subsequently acquire in the land or leasehold to which the improvement was made or removed."

As stipulated, the issue presented for determination is whether plaintiff's failure to serve what is known as a notice of furnishing renders plaintiff's lien invalid or whether plaintiff was in fact not required to serve a notice of furnishing due to the defendants' failure to first file a conforming notice of commencement. Resolution of this issue necessarily requires that the court interpret the mechanic's lien law of Ohio as codified in R.C. 1311.01 *et seq.*

When construing a statute, the court must first look to the language contained within the statute. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461–462. Fundamentally, that language must be interpreted according to its usual or customary meaning. *State v. S.R.* (1992), 63 Ohio St.3d 590, 595, 589 N.E.2d 1319, 1323. Adherence to this rule of statutory construction prevents a court from ignoring the plain and unambiguous language contained within a statute under the guise of statutory construction. Simply, courts must give effect to the words as used. *Ohio Dental Hygienists Assn. v. Ohio State Dental Bd.* (1986), 21 Ohio St.3d 21, 23, 21 OBR 282, 284–285, 487 N.E.2d 301, 303.

R.C. 1311.04(A)(1) states:

"Prior to the performance of any labor or work or the furnishing of any materials for an improvement on real property which may give rise to a mechanics' lien under sections 1311.01 to 1311.22 of the Revised Code, the owner, part owner, or lessee who contracts for the labor, work, or materials shall record in the office of the county recorder for each county in which the real property to be improved is located a notice of commencement in substantially the form specified in division (B) of this section."

R.C. 1311.04(B) provides:

"The notice of commencement required under division (A) of this section *shall contain, in affidavit form, all of the following information:*

"(1) The legal description of the real property on which the improvement is to be made. For purposes of this division, a description sufficient to describe the real property for the purpose of conveyance, or contained in the instrument by which the owner, part owner, or lessee took title, is a legal description.

"(2) A brief description of the improvement to be performed on the property containing sufficient specificity to permit lien claimants to identify the improvement;

"(3) The name, address, and capacity of the owner, part owner, or lessee of the real property contracting for the improvement;

"(4) The name and address of the fee owner of the real property, if the person contracting for the improvement is a land contract vendee or lessee;

"(5) The name and address of the owner's, part owner's, or lessee's designee, if any;

"(6) The name and address of all original contractors, except that if the notice of commencement is recorded for an improvement involving a single- or double-family dwelling and if more than one original contractor is involved, instead of listing each original contractor, the owner shall state that multiple original contractors are involved in the improvement;

"(7) The date the owner, part owner, or lessee first executed a contract with an original contractor for the improvement;

"(8) The name and address of all lending institutions which provide financing for the improvements, if any;

"(9) The name and address of all sureties on any bond which guarantee payment of the original contractor's obligations under the contract for the improvement, if any;

"(10) The following statement:

" 'To Lien Claimants and Subsequent Purchasers:

" 'Take notice that labor or work is about to begin on or materials are about to be furnished for an improvement to the real property described in this instrument. A person having a mechanics' lien may preserve the lien by providing a notice of furnishing to the above-named designee and his original contractor, if any, and by timely recording an affidavit pursuant to section 1311.06 of the Revised Code.

" 'A copy of this notice may be obtained upon making a written request by certified mail to the above-named owner, part owner, lessee, designee, or the person with whom you have contracted.'

"(11) The name and address of the person preparing the notice;

"(12) An affidavit of the owner, part owner, or lessee or the agent of the owner, part owner, or lessee which verifies the notice." (Emphasis added.)

Assuming that a notice of commencement is recorded in "substantially the form specified in" R.C. 1311.04, a materialman such as the plaintiff is required to file a

notice of furnishing within twenty-one days after performing the first labor or work or, in this case, furnishing the first materials in connection with the improvement. R.C. 1311.05. R.C. 1311.05(A) provides:

"Except as provided in section 1311.04 of the Revised Code and this section, a subcontractor or materialman who performs labor or work upon or furnishes material in furtherance of an improvement to real property and who wishes to preserve his lien rights *shall serve a notice of furnishing, if any person has recorded a notice of commencement in accordance with section 1311.04 of the Revised Code,* upon the owner's, part owner's, or lessee's designee named in the notice of commencement or amended notice and the original contractor under the original contract pursuant to which he is performing labor or work or furnishing materials, as named in the notice of commencement or amended notice and at the address listed in the notice or amended notice at any time after the recording of the notice of commencement or amended notice but within twenty-one days after performing the first labor or work or furnishing the first materials or within the extended time period provided for in division (I) or (J) of section 1311.04 of the Revised Code." (Emphasis added.)

It is undisputed that plaintiff has not served a notice of furnishing upon either the defendants or their designee. However, plaintiff believes under these circumstances that it was not required to serve notice, as the defendants' notice of commencement failed to comply with the provisions contained in R.C. 1311.04. Defendants argue, on the other hand, that "[n]owhere in the mechanic's lien statutes is there any provision for waiver of the requirement for a subcontractor or materialman to file a NOF. Clearly if the Ohio Legislature intended to waive any such requirement, it would have expressly included such an intent somewhere in the statute(s)." In this case, R.C. 1311.04 and 1311.05 clearly support plaintiff's interpretation.

First, R.C. 1311.05(A) explicitly conditions service of a notice of furnishing upon the prior filing of a notice of commencement *in accordance with R.C. 1311.04(B).* As set forth above, R.C. 1311.05(A) provides:

*"Except as provided in section 1311.04 of the Revised Code and this section,* a subcontractor or materialman who performs labor or work upon or furnishes material in furtherance of an improvement to real property and who wishes to preserve his lien rights shall serve a notice of furnishing, *if any person has recorded a notice of commencement in accordance with section 1311.04 of the Revised Code * * *."* (Emphasis added.)

Second, R.C. 1311.04(R) states in no uncertain terms:

"If an owner * * * fails to record a notice of commencement in accordance with this section, no subcontractor or materialman * * * has to serve a notice of

furnishing in accordance with section 1311.05 of the Revised Code in order to preserve his lien rights."

Moreover, R.C. 1311.05(H) just as clearly provides:

"No subcontractor or materialman * * * has to serve a notice of furnishing in accordance with this section in order to preserve his lien rights if the owner * * * fails to record a notice of commencement in accordance with section 1311.04 of the Revised Code."

In light of the foregoing, the court rejects defendants' claim that the statute does not under any circumstance provide for waiver of the requirement that a notice of furnishing be filed.

Moreover, even when construed in a light most favorable to the defendants, it is beyond cavil that the defendants' "private improvement notice of commencement" fails to comply with even the most rudimentary requirements imposed by R.C. 1311.04(B). For example, defendants' notice fails to contain anything that could be characterized as a legal description of the property.[1] Defendants' notice also does not describe in any manner the improvements to be made to the property or accurately set forth the name, address, and capacity of the party contracting for the improvements.[2] See R.C. 1311.04(B)(2) and (3). In addition, the notice fails to provide the name and address or the date the owner first executed a contract with the original contractor. R.C. 1311.04(B)(6) and (7). Moreover, no mention is made of any lending institution or surety.[3] R.C. 1311.04(B)(8) and (9). Accordingly, whether strict or substantial compliance is used to gauge conformity with R.C. 1311.04, construing the evidence in a light most favorable to the defendants, there can be no question that defendants' notice fails to comply with R.C. 1311.04.

Distilled to its essence, defendants' argument appears to be that so long as something is filed which purports to be a notice of commencement, no amount of noncompliance with the requirements of R.C. 1311.04 can excuse the failure to serve the notice of furnishing by a potential lien claimant. In support of their

---

1. Although defendants' notice contains the street address of the property, 6760 Refugee Rd., that address was listed under the address of the owner, part owner, or lessee, and is not a "description sufficient to describe the real property for the purpose of conveyance." See R.C. 1311.04(B)(1).

2. Defendants' notice of commencement states the owner of the property to be FE–PO, Inc. However, as provided in the stipulation of facts, the owners of the property are Young D. and Jang S. Ahn. As a result of the misidentification of the owner, defendants' notice was incorrectly indexed by the recorder's office under the name FE–PO, Inc.

3. The court notes that the record is unclear as to whether R.C. 1311.04(B)(8) and (9) call for information that is applicable to the improvements to defendants' property.

proposition, defendants argue that plaintiff failed to act diligently in preserving its lien rights. Specifically, defendants point out that R.C. 1311.05(A) requires that a notice of furnishing be served at any time after the filing of the notice of commencement but no later than twenty-one days after performing the first work or furnishing the first materials. In addition, defendants point out that plaintiff failed to request a copy of the notice of commencement from the defendants pursuant to R.C. 1311.04(D).[4] Defendants also presume that plaintiff failed to inspect the premises for the posted copy of the notice.[5]

These arguments fail, however, as it is clear that the legislature conditioned the duty to serve a notice of furnishing upon the *filing* of a notice of commencement "substantially in the form specified" by R.C. 1311.04(B). See R.C. 1311.04(R) and 1311.05(H). As noted above, when construing a statute, the court must first look to the language contained within the statute and interpret that language according to its usual and customary meaning. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461–462; *State v. S.R.* (1992), 63 Ohio St.3d 590, 595, 589 N.E.2d 1319, 1323. In the context of statutory construction the word "may" will be construed as permissive, and "shall" mandatory, unless there appears a clear legislative intent that they be construed other than according to their ordinary meaning. *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534–535, 605 N.E.2d 368, 369–370; *Fantozzi v. Sandusky Cement Prod. Co.* (1992), 64 Ohio St.3d 601, 609, 597 N.E.2d 474, 480–481; *State v. Dilley* (1989), 47 Ohio St.3d 20, 21, 546 N.E.2d 937, 938; *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834. In the case of the mechanic's lien statute, an owner *shall* file a notice of commencement prior to the performance of any labor or work on the project, and that notice *shall* contain in affidavit form specific information required by R.C. 1311.04(B). In the event that the notice is properly filed, a subcontractor or materialman *shall* serve notice of furnishing. R.C. 1311.05(A).

---

4. R.C. 1311.04(D) provides:

   "Within ten days after the date a subcontractor, materialman, or laborer serves a written request upon the owner, part owner, or lessee, or designee for a copy of the notice of commencement, the owner, part owner, lessee, or designee shall serve a copy of the notice of commencement to the requesting subcontractor, materialman, or laborer."

5. According to the affidavit of Young D. Ahn, a copy of the notice was posted on the property. Although no evidence contradicts Mr. Ahn's assertion that the notice was posted, as provided in the stipulation of facts, plaintiff was unaware at the time it filed its lien affidavit that a notice of commencement had been filed. Accordingly, there is evidence sufficient to support an inference that the plaintiff failed to inspect the premises in order to determine whether the notice had been posted, and further, that had an inspection been conducted that the notice would have been discovered. However, although R.C.1311.04(G)(1) requires a notice of commencement to be posted at the job site, defendants do not offer, and this court cannot find, any authority for the proposition that a job-site posting can cure a defectively filed notice.

However, in the event that an owner fails to comply with the requirements of R.C. 1311.04, R.C. 1311.04(R) and 1311.05(H) provide that a subcontractor or materialman need not file a notice of furnishing in order to preserve his lien rights. The attempted filing of defendants' notice of commencement does not substantially comply with R.C. 1311.04.[6] Accordingly, plaintiff's duty to comply with R.C. 1311.05 was excused.

Therefore, for the foregoing reasons, plaintiff's motion for summary judgment is sustained. Defendants' motion for summary judgment is denied.

Pursuant to Loc.R. 25.01, counsel for the plaintiff shall prepare and circulate an appropriate journal entry which reflects the result of this decision.

*Judgment accordingly.*

---

6. Substantial compliance is determined upon a review of the totality of the circumstances. *State v. Flint* (1986), 36 Ohio App.3d 4, 520 N.E.2d 580.