OPINION
{¶ 1} Defendant-appellant, Airline Professionals Association, Teamsters Local 1224 (Airline Professionals), appeals a decision of the Clinton County Court of Common Pleas granting summary judgment to plaintiff-appellee, Clinton Electrical Plumbing Supply, Inc. (Clinton Electrical). For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} In early 2000, Airline Professionals acquired title to a tract of land in Union Township by general warranty deed. The named grantee in the deed was listed as "Airline Professional [sic] Association Teamsters Local 1224." On August 24, 2001, Airline Professionals recorded a notice of commencement with the Clinton County Recorder to publicize its impending construction of an office building on the premises. The notice was filed under the name "APA Teamsters Local 1224." Construction began in early 2002. Airline Professionals hired Magnetic North Electrical Contractor, Inc. (Magnetic North) to provide certain subcontractor services. Clinton Electrical, a supplier of goods and materials to Magnetic North for use in the project, filed an affidavit for a mechanics' lien with the Clinton County Recorder's Office on January 7, 2002. Clinton Electrical never recorded a notice of furnishing for materials provided.
 {¶ 3} On March 27, 2002, Clinton Electrical filed suit to foreclose on its lien after Airline Professionals served a notice to commence suit on the lien.[1] Clinton Electrical sought to recover $32,105.88 for materials supplied to Magnetic North. Airline Professionals filed a motion to dismiss the complaint which the trial court denied on June 17, 2002. Airline Professionals also filed a motion for summary judgment which the court denied on June 15, 2004. Clinton Electrical subsequently filed its summary judgment motion, which the trial court granted on August 18, 2004. The court determined that lien amount was to be satisfied out of a cash bond posted by Airline Professionals. Airline Professionals timely appealed the trial court's award of summary judgment to Clinton Electrical.
 {¶ 4} We review a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. This court examines the evidence and applies the same standard as that applied by the trial court. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. Pursuant to Civ.R. 56(C), summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. See Harless at 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact. Civ.R. 56(C). See, also, Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Civ.R. 56(E). See, also, Dresher at 293.
 {¶ 5} In a single assignment of error, Airline Professionals contends that the trial court erred in granting summary judgment to Clinton Electrical. Airline Professionals insists that it properly filed a notice of commencement in substantial compliance with R.C. 1311.04, thus triggering Clinton Electrical's duty to file a notice of furnishing pursuant to R.C. 1311.05. In the absence of a notice of furnishing, Airline Professionals argues that Clinton Electrical cannot foreclose on its lien. This court must determine whether the evidence below, when viewed in a light most favorable to Airline Professionals, established as a matter of law that no genuine issue of material fact existed concerning whether Airline Professionals substantially complied with its statutory obligations. If Airline Professionals properly filed a notice of commencement, then Clinton Electrical was not entitled to summary judgment in view of its failure to file a notice of furnishing in order to preserve its lien rights.
 {¶ 6} R.C. 1311.04(A) provides that an owner undertaking to improve real property must record a notice of commencement before the performance of labor or supplying of materials that may give rise to a mechanics' lien. The statute mandates that the notice of commencement be recorded "in substantially the form specified in division (B) of this section." Id. Where a notice of commencement is properly filed, R.C. 1311.05 obligates a subcontractor or material supplier to submit a notice of furnishing in order to protect its lien rights. However, if an owner fails to properly file a notice of commencement, then a subcontractor or material supplier is relieved of its obligation to provide a notice of furnishing. R.C. 1311.04(R); R.C.1311.05(H).
 {¶ 7} The language of R.C. 1311.04 obligates an owner to substantially comply with the requirements of the statute with respect to the contents of a valid notice of commencement.Linworth Lumber Co. v. Z.L.H., Delaware App. No. 03CAE02008, 2003-Ohio-4190, ¶ 19-21; Carey Elec. Co. v. ABF Freight System,Inc. (Aug. 13, 1999), Montgomery App. No. 17335, 1999 WL 958476 at *5. Among the requirements respecting the notice is that it contain the name of the real property owner. R.C. 1311.04(B)(3). This ensures accuracy in a search of the property indexes so that a material supplier may be informed of an owner's notice of commencement and may correspondingly file a notice of furnishing to protect its lien rights. See, generally, RN Bldg. Materials,Inc. v. C.R. Huffer Roofing Sheetmetal, Inc. (C.P. 1997),85 Ohio Misc.2d 20.
 {¶ 8} After reviewing the record, it is apparent that Airline Professionals failed to substantially comply with R.C. 1311.04
when filing its notice of commencement. Once the notice was recorded and indexed by the Clinton County Recorder under "APA Teamsters Local 1224," a search under the property grantee name, "Airline Professionals Association, Teamsters Local 1224," would not reveal its existence. As recognized by the trial court, this constituted a "material variance" from the statutory requirements for accurately identifying Airline Professionals as the owner.
 {¶ 9} Contrary to Airline Professionals' assertions, this is not a case where a lien claimant seeks to evade its duty to timely file a notice of furnishing by attacking a notice of commencement on palpably weak grounds. In Jim Morgan Elec. Co.v. Smith (C.P. 1996), 85 Ohio Misc.2d 45, the trial court held that an otherwise-compliant notice of commencement was not rendered defective for failure to insert the execution date of the construction contract. A misidentified owner, however, is a more substantial deficiency than an omitted date. In the present matter, the misnomer in Airline Professionals' notice of commencement effectively negated the purported notice provided to Clinton Electrical. Linworth Lumber, Delaware App. No. 03CAE02008, 2003-Ohio-4190, ¶ 22. Clinton Electrical was consequently relieved of its obligation to record a notice of furnishing. See R.C. 1311.04(R); R.C. 1311.05(H). See, also, RNBldg. Materials, 85 Ohio Misc.2d 20.
 {¶ 10} Airline Professionals implies that Clinton Electrical failed to safeguard its lien rights by omitting evidence that it made an affirmative attempt to search for a notice of commencement. To the contrary, Clinton Electrical presented an index page from the Clinton County Recorder demonstrating that a search of the index conducted under "Airline Professionals" did not reveal the defective notice of commencement. We decline to accept Airline Professionals' argument that "APA" was a designation substantially compliant with statutory requirements and that Clinton Electrical should have broadened its search to include this acronym. A lien claimant cannot be expected to search for all combinations and permutations of letters in order to cover every possible name under which a notice of commencement may be filed. Cf. RN Building Materials. As stated by the trial court in its entry denying Airline Professionals' motion to dismiss, "it is not asking too much of real property owners to simply use the name in which the owner took title to real property on the Notice of Commencement if the owner wants to avail itself of the statutory protections provided in R.C. 1311.04."
 {¶ 11} Airline Professionals implores the court to hold that a materialman or subcontractor who fails to file a notice of furnishing based on a deficient notice of commencement must affirmatively demonstrate that it suffered prejudice as a result of the alleged defect. We disagree. The Ohio lien laws are remedial in nature, designed in part to protect those who contribute to real property improvement by affording them the right to obtain compensation out of the land and its occupying structure. 68 Ohio Jurisprudence 3d (1999) 22-23, Mechanics' Liens, Section 4. To require those seeking redress pursuant to a valid lien to demonstrate prejudice as the result of a defective notice of commencement places a burden on lien holders which is unsupported by the plain language of the mechanics' lien statutes. Cf. Roxane Laboratories, Inc. v. Tracy,75 Ohio St.3d 125, 127, 1996-Ohio-257. We decline to impose such a burden on lien holders.
 {¶ 12} Based on the foregoing analysis, we conclude that Airline Professionals failed to satisfy its reciprocal evidentiary burden after Clinton Electrical demonstrated that there were no genuine issues for trial. Accordingly, the trial court properly granted summary judgment in favor of Clinton Electrical. Airline Professionals' sole assignment of error is overruled.
 {¶ 13} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] One of four named defendants, the present appeal solely involves Airline Professionals Association. Magnetic North was granted a stay after filing for Chapter 7 Bankruptcy. Fifth Third Bank was dismissed upon motion. Clinton County Treasurer Joyce Atley filed an answer, but is not involved in the present appeal.