[Cite as *Springdale v. Tri-Cty. Commons Assocs., L.L.C.*, 2017-Ohio-8380.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF SPRINGDALE, OHIO, | : | APPEAL NO. C-160922 |
| | | TRIAL NO. A-1504892 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | : | |
| TRI-COUNTY | : | |
| COMMONS ASSOCIATES, LLC., | | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  November 1, 2017

*Wood & Lamping, LLP,* and *Jeffrey D. Forbes* for Plaintiff-Appellee,

*Graydon, Head & Ritchey, LLP*, *Harry J. Finke IV,* and *Lisa C. Diedrichs* for Defendant-Appellant.

**MILLER, Judge.**

{¶1}   Today we face the question of whether a fence is a fence if it is on top of a building in the city of Springdale.  After a careful review of Springdale's zoning code, we conclude that it is not.

{¶2}   Tri-County Commons Associates, Inc., ("TCCA") appeals the summary judgment entry declaring TCCA to be in violation of the city of Springdale's zoning regulation prohibiting the use of razor wire fences, and ordering TCCA to remove razor wire barriers from the rooftops of two of its buildings.  Because the razor wire barriers do not fit the definition of "fence" in the Springdale zoning code, we reverse.

### Facts

{¶3}   The facts in this case are undisputed. TCCA owns commercial real estate in Springdale, including a building that formerly housed a Walmart store.  In response to vandals who were climbing onto Walmart's roof and stripping the rooftop HVAC units' condenser coils, TCCA installed a razor wire barrier on the back and sides of Walmart's roof.  It constructed a similar barrier on another building in the same general area.

{¶4}   Springdale's Building Department notified TCCA that razor wire was prohibited by Springdale Zoning Code 158.482(C)(2).  TCCA responded by letter, explaining that the razor wire "fence" was necessary to protect its property, and did not remove it.  Springdale then formally charged TCCA with a zoning code violation, and ordered TCCA to remove the razor wire.  TCCA refused.

{¶5}   Thereafter, Springdale filed suit against TCCA.  Springdale moved the trial court for a declaration that TCCA was in violation of the zoning regulation prohibiting razor wire fences, and requested that the court order TCCA to remove the razor wire from the rooftops of it buildings.  Following cross-motions for summary

judgment, the trial court entered judgment in favor of Springdale. This appeal followed.

{¶6} In one assignment of error, TCCA contends that the trial court erred when it denied its motion for summary judgment and granted Springdale's. We agree.

### Standard of Review

{¶7} We review the granting of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Grafton*; *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994). Because the facts in this case are not in dispute, we focus on the second prong of this test.

### The Zoning Code does not Prohibit the Razor Wire Barriers

{¶8} Zoning regulations are in derogation of the common law and deprive a land owner of certain uses of his land to which he would otherwise be entitled. *Saunders v. Clark Cty. Zoning Dept.*, 66 Ohio St.2d 259, 261, 421 N.E.2d 152 (1981); *Greenacres Found. v. Bd. of Bldg. Appeals*, 1st Dist. Hamilton No. C-120131, 2012-Ohio-4784, ¶ 10. We therefore strictly construe such regulations in favor of the property owner, and their scope cannot be enlarged to include limitations not clearly set forth. *Id.*

{¶9} In pertinent part, Springdale Zoning Code 158.482(C)(2), entitled "FENCES, WALLS AND HEDGES," provides that "fences * * * are permitted in all districts, subject to the following conditions: * * * (C) * * * Razor wire shall be prohibited." "Fence" is defined as "a man-made yard structure which forms or which

has the intended purpose to form a barrier to light, sound, wind, snow, animals, vehicles, or pedestrians." Springfield Zoning Code 153.014. The definition of "yard" is "[t]hat portion of the open area on a lot extending between a building and the nearest lot line." Springfield Zoning Code 153.014.

{¶10}  Here, it is undisputed that TCCA installed the razor wire barriers on the top of buildings it owned. Under the plain language of Springdale's zoning code, razor wire may not be used as a "fence." A "fence" is specifically defined as a "yard structure," and "yard" is defined in the zoning code as "open area on a lot extending between a building and the nearest lot line." So, in the city of Springdale, only razor wire fences that are yard structures are prohibited. The code does not prohibit razor wire on rooftops.

{¶11}  Springdale argues that because TCCA referred to the razor wire barrier as a "fence" in its letter to the Springdale Building Department, TCCA has admitted that the razor wire barrier is a "fence." But TCCA's colloquial use of "fence" is irrelevant. The definition of "fence" set forth in the zoning code—not a lay person's choice of words in a letter—controls. *See Montgomery Cty. Bd. of Commrs. v. Pub. Util. Comm.*, 28 Ohio St.3d 171, 175, 503 N.E.2d 167 (1986), citing *Ohio Civ. Rights Comm. v. Parklawn Manor*, 41 Ohio St.2d 47, 50, 322 N.E.2d 642 (1975) (holding that "the General Assembly's own construction of its language, as provided by definitions, controls in the application of a statute.").

{¶12} Springdale next contends that Springdale Zoning Code 153.012(C) applies to prohibit the use of the razor wire barriers on the rooftops of TCCA's buildings. That section states that "in the interpretation of this code, if a use within this code is not specifically permitted, it shall be prohibited." The zoning code defines "use" as "[a]ny purpose for which buildings, other structures or land may be

arranged, designed, intended, maintained, or occupied; or any activity conducted in a building * * * ." Springdale Zoning Code 153.041. A razor wire barrier is not a "use." The "use" of the buildings is commercial, regardless of the existence of the razor wire. This argument is therefore off-point.

### Conclusion

{¶13} We sustain TCCA's sole assignment of error. The trial court's judgment is reversed, and this cause is remanded with instructions to the trial court to enter judgment in favor of TCCA.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **DETERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.